## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**14-16 Melvin Avenue, Old Orchard Beach, ME 04064** |
| **Margaret L. Gauthier** | **Mortgage:**<br>**June 2, 2006**<br>**Book 14860, Page 0576** |
| **Defendant** | |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Margaret L. Gauthier, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, in which the Defendant, Margaret L. Gauthier, is the obligor and the total amount owed under the terms of the Note is Five Hundred Seventy-Two Thousand Five Hundred Ninety-Seven and 48/100 ($572,597.48) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4.  U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C is a National Association under the regulation of the Office of the Comptroller of the Currency with its main place of business located at 1011 Centre Road, Wilmington, DE and is therefore, for the purpose of Diversity, a citizen of Delaware.

5.  The Defendant, Margaret L. Gauthier ("Gauthier"), is a resident of Newark, County of Alameda and State of California and is therefore, for the purpose of diversity, a citizen of California.

## LITIGATION HISTORY

6.  Although the Plaintiff alleges a recent default (due to a loan modification) this loan has actually been in default since 2008 and has an extremely long litigation history.

7. As set forth below, Defendant has filed eight unsuccessful bankruptcy cases since she first defaulted on her obligations under the Loan.

8. In November 2008, a prior owner of the Loan filed a judicial foreclosure action in Maine District Court in Biddeford/Saco, Docket No. RE-2008-345.

9. In response, on January 13, 2009, Gauthier filed a bankruptcy petition under Ch. 11 with the U.S. Bankruptcy Court for the District of Nevada (the "Nevada Bankruptcy Court"), No. 09-10380, which was dismissed on April 21, 2009. *In re: Gauthier*, No. 09-10380.

10. On May 26, 2009, Gauthier filed a second bankruptcy action pursuant to Ch. 7 with the Nevada Bankruptcy Court, No. 09-18564, which was dismissed on September 3, 2009. *In re: Gauthier*, No. 09-18564.

11. On February 8, 2011, Gauthier filed a third bankruptcy petition pursuant to Ch. 7 with the U.S. Bankruptcy Court for the Northern District of California (the "California Bankruptcy Court"), No. 11-41361 (the "Third Bankruptcy Case"), and received a "final bankruptcy discharge" on January 17, 2012.

12. On March 15, 2013, Fannie Mae, a prior owner of the Loan, filed a second foreclosure action with Biddeford District Court, Docket No. RE-13-44.[1]

13. Although having received a bankruptcy discharge in the Third Bankruptcy Case, Gauthier filed a fourth bankruptcy petition pursuant to Ch. 13 with the California Bankruptcy Court, No. 13-44528, which was dismissed on January 14, 2014. *In re Gauthier,* No. 13-44528.

14. After her fifth bankruptcy case was filed pursuant to Ch. 7 with the California Bankruptcy Court, No. 14-43804, and was terminated on February 10, 2015, Gauthier filed an *ex parte*

---

[1] On July 20, 2016, the Court granted Fannie Mae's motion to dismiss the 2013 foreclosure action without prejudice.

emergency motion in the Third Bankruptcy Case.[2]  *In re: Gauthier*, No. 14-43804;  *In re: Gauthier,* No. 11-41361, ECF No. 71.

15. Gauthier sought through the *ex parte* emergency motion an order that Fannie Mae, as assignee of the Note and Mortgage from SunTrust Mortgage, through its servicer Seterus, Inc., was in contempt of the discharge order by attempting to collect on the Note and enforce the Mortgage.  *In re: Gauthier*, No. 11-41361, ECF No. 71

16. On June 9, 2015, after a hearing, the California Bankruptcy Court denied the motion and all requested relief.  *Id.* ECF. No. 75.

17. Gauthier appealed the order to the U.S. District Court to the Northern District of California (the "California District Court"), and while the appeal was pending, on September 9, 2015, Seterus, as servicer for Fannie Mae, filed a motion for relief from stay to proceed with the foreclosure.  *Id.* ECF No. 97; *Gauthier v. Doonan, Graves & Longoria LLC*, No. 3:14-02973, ECF No. 1.

18. On September 30, 2015, after a hearing, the California Bankruptcy Court entered an order that the motion to stay was moot because "no stay is in effect regarding this property."  *Id.* ECF No. 108.

19. On November 23, 2015, the California District Court affirmed the order from the California Bankruptcy Court and entered final judgment against Gauthier.  *Gauthier*, 3:14-02973, ECF No. 26.  On December 21, 2015, Gauthier appealed the order of the District Court to the Ninth Circuit Court of Appeals.  *Id.* ECF No. 27.

20. On May 11, 2017, the Ninth Circuit issued a memorandum affirming the California Bankruptcy Court's order denying Gauthier's motion for contempt for alleged violation of

---

[2]  The motion was titled: (a) Petition to Reopen Bankruptcy Case; (b) Petition for Contempt of Discharge Order; (c) Petition for Injunction on Sale of Property, and Harassment Based on No Loan Given; and (d) or in the Alternative, Petition for Avoiding Any Purported Liens Based on No Loan Given Prior to or at Time of Signing.

the discharge injunction, holding that the California Bankruptcy Court did not abuse its discretion because Gauthier "failed to show appellees violated the discharge injunction by pursuing *in rem* proceedings." *Id.* ECF 35.

21. On January 17 2017, Gauthier filed her sixth bankruptcy case under Ch. 13 with the California Bankruptcy Court, No. 17-40115. *In re Gauthier*, No. 17-40115.

22. On August 18, 2017, the California Bankruptcy Court granted Fannie Mae's motion for relief from stay to proceed with the foreclosure, and on September 20, 2017, denied Gauthier's motion to vacate the relief from stay order. *In re Gauthier,* No. 17-40115, ECF No. 84. Then, on October 24, 2017, after a hearing, the California Bankruptcy Court granted the bankruptcy trustee's motion to dismiss the case.[3] *In re Gauthier,* No. 17-40115, ECF No. 121.

23. On January 19, 2018, Gauthier filed a seventh bankruptcy petition pursuant to Ch. 13 with the California Bankruptcy Court, No. 18-40159, which was dismissed on February 5, 2018 and closed on March 13, 2018. Compl. p. 7; *In re Gauthier*, No. 18-40159, ECF No. 14.

24. On May 15, 2018, Gauthier filed her eighth bankruptcy petition pursuant to Ch. 13 with the California Bankruptcy Court, No. 18-41136.

25. The California Bankruptcy Court dismissed the case on June 1, 2018. *In re Gauthier*, No. 18-41136, ECF No. 14.

26. On August 5, 2020, Gauthier filed a multi-count complaint in this Court, *Gauthier v. US Bank Trust, NA* No. 2:20-cv-00283-LEW.

27. On February 2, 2021, the counts related to purported claims as to the assignments from origination to October 15, 2012, all claims for alleged "slander" against Gauthier's title,

---

[3] Plaintiff admits in her Complaint that, in opposing Fannie Mae's Proof of Claim, the presiding judge "said I was just scheming to delay foreclosure []." Compl. ¶ 21.

emotional distress and all claims against a prior servicer were dismissed with prejudice and the remaining claims in that complaint were dismissed without prejudice. *See,* Exhibit L, Combined Order and Judgment attached hereto and made a part hereof by reference.

## FACTS

28. On June 17, 2004, by virtue of a Warranty Deed from Northern Ventures, LLC, which is recorded in the York County Registry of Deeds in **Book 14133, Page 492**, the property situated at 14-16 Melvin Avenue, City/Town of Old Orchard Beach, County of York, and State of Maine, was conveyed to Margaret Gauthier, being more particularly described by the attached Exhibit A; (a true and correct copy of the legal description is attached hereto and incorporated herein).

29. On June 2, 2006, Defendant, Margaret L. Gauthier, executed and delivered to Residential Mortgage Services, Inc. a certain Note under seal in the amount of $269,000.00.  Defendant, Margaret L. Gauthier's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

30. To secure said Note, on June 2, 2006, Defendant, Margaret L. Gauthier, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc as nominee Residential Mortgage Services, Inc, securing the property located at 14-16 Melvin Avenue, Old Orchard Beach, ME 04064 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14860**, **Page 0576**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

31. The Mortgage was then assigned to SunTrust Mortgage, Inc. by virtue of an Assignment of Mortgage dated October 29, 2008 and recorded in the York County Registry of Deeds in

**Book 15517**, **Page 0740**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

32. The Mortgage was then assigned to SunTrust Mortgage, Inc. by virtue of an Assignment of Mortgage dated October 16, 2012 and recorded in the York County Registry of Deeds in **Book 16438**, **Page 959**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

33. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 15, 2013 and recorded in the York County Registry of Deeds in **Book 16717**, **Page 349**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

34. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated April 27, 2017 and recorded in the York County Registry of Deeds in **Book 17493**, **Page 561**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

35. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II by virtue of an Assignment of Mortgage dated January 28, 2020, and recorded in the York County Registry of Deeds in **Book 18156**, **Page 866**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

36. The Mortgage was then assigned to U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C by virtue of an Assignment of Mortgage dated April 29, 2022, and recorded in the York County Registry of Deeds in **Book 19017**, **Page 920**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

37. On October 5, 2022, the Defendant, Margaret L. Gauthier, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

38. The Demand Letter informed the Defendant, Margaret L. Gauthier, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

39. The Defendant, Margaret L. Gauthier, failed to cure the default prior to the expiration of the Demand Letter.

40. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

41. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

42. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

43. The total debt owed under the Note and Mortgage as of August 1, 2023, is Five Hundred
    Sixty-Eight Thousand Five Hundred Ninety-Seven and 48/100 ($568,597.48) Dollars, which
    includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $540,602.13 |
| Interest | $20,460.97 |
| Escrow/Impound Advance Balance | $6,224.48 |
| Loan Level Advance Balance | $1,309.90 |
| Grand Total | $568,597.48 |

44. Upon information and belief, the Defendant, Margaret L. Gauthier, is not presently in
    possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

45. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely
    as owner trustee of BRAVO Residential Funding Trust 2021-C, repeats and re-alleges
    paragraphs 1 through 44 as if fully set forth herein.

46. This is an action for foreclosure and sale respecting a real estate related Mortgage and title
    located at 14-16 Melvin Avenue, Old Orchard Beach, County of York, and State of Maine.
    *See* Exhibit A.

47. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely
    as owner trustee of BRAVO Residential Funding Trust 2021-C, is the holder of the Note
    referenced in Paragraph 29 pursuant to endorsement by the previous holder (if applicable)
    and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et
    seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).
    As such, Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but

solely as owner trustee of BRAVO Residential Funding Trust 2021-C, has the right to foreclosure and sale upon the subject property.

48. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, is the current owner and investor of the aforesaid Mortgage and Note.

49. The Defendant, Margaret L. Gauthier, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2022, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

50. The total debt owed under the Note and Mortgage as of August 1, 2023 is Five Hundred Sixty-Eight Thousand Five Hundred Ninety-Seven and 48/100 ($568,597.48) Dollars.

51. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

52. By virtue of the Defendant, Margaret L. Gauthier's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Margaret L. Gauthier's, discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, Margaret L. Gauthier, but only seeks *in rem* judgment against the property.

53. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Margaret L. Gauthier, on October 5, 2022, evidenced by the records attached hereto. *See* Exhibit J.

54. The Defendant, Margaret L. Gauthier, is not in the Military as evidenced by the attached Exhibit K.

<u>PRAYERS FOR RELIEF</u>

WHEREFORE, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, prays this Honorable Court:

    a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Margaret L. Gauthier's, discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

    b) Grant possession to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, upon the expiration of the period of redemption;

    c) Find that the Defendant, Margaret L. Gauthier, is in breach of the Note by failing to make payment due as of April 1, 2022, and all subsequent payments, however, as affected by Defendant, Margaret L. Gauthier's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Margaret L. Gauthier, but only seeks *in rem* judgment against the property;

    d) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

    e) Find that while the Defendant, Margaret L. Gauthier, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 14-16 Melvin Avenue, Old Orchard Beach, ME 04064;

    f) Determine the amounts due, if any, of parties that appear in this action as junior lienholders;

    g) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust National Association, not in
its individual capacity, but solely as owner
trustee of BRAVO Residential Funding Trust
2021-C,
By its attorneys,

Dated: October 5, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com