UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, Not in Its Individual Capacity, but Solely as Owner Trustee of BRAVO RESIDENTIAL FUNDING TRUST 2021-C,<br>   Plaintiff,<br><br>   v.<br><br>MARGARET GAUTHIER,<br><br>   Defendant. | No. 2:23-cv-00380-JAW |

## ORDER TO PRODUCE

On March 25, 2024, Plaintiff U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C (Bravo), moved to appoint Benjamin P. Camp, Jr., Esq. as receiver for the property that is the subject of this foreclosure action. *Mot. to Appoint Receiver* (ECF No. 12). Defendant Margaret Gauthier responded in opposition on April 3, 2024. *Resp. in Opp'n* (ECF No. 13). Bravo replied on April 9, 2024. *Reply to Resp. to Mot.* (ECF No. 14).

The United States Magistrate Judge filed her Recommended Decision with the Court on May 3, 2024. *Report and Recommended Decision* (ECF No. 16) (*Recommended Decision*). Ms. Gauthier filed an objection to the Recommended Decision on May 17, 2024. *Def.'s Obj. to the Magistrate Judge's Report and Recommended Decision* (ECF No. 17) (*Def.'s Obj.*). Bravo responded to Ms. Gauthier's objection on May 31, 2024. *Pl.'s Resp. to Obj. to Report and Recommended Decision*

(ECF No. 19) (*Pl.'s Resp.*).  Ms. Gauthier replied on June 3, 2024.  *Def.'s Reply to Pl.'s Resp. to Def.'s Objs. To Magistrate's Recommendations* (ECF No. 21) (*Def.'s Reply*).

The Court reviewed and considered the Magistrate Judge's Recommended Decision, and before ruling on whether it will accept the recommendation, the Court orders Bravo to produce evidence that it holds the Note in question.

## I. THE MAGISTRATE JUDGE'S RECOMMENDED DECISION

The Magistrate Judge first relays that this Court has the equitable power to appoint a receiver, that that decision lies within the Court's discretion, and a list of factors typically considered in making that decision.  *Recommended Decision* at 2.

The Magistrate Judge then synthesizes the parties' arguments.  Bravo argues appointment of a receiver is warranted because the property at issue is an investment rental; "Gauthier lives out of state and is receiving the rent proceeds without making mortgage payments or footing the bills for taxes and insurance"; Bravo having spent over $8,000 for taxes and insurance; Ms. Gauthier not being liable given her Chapter 7 bankruptcy discharge; and one of the rental units being vacant, depriving Bravo of rental payments to defray the property's costs.  *Id.* at 4.  In opposition, Ms. Gauthier claims that Bravo "lacks standing to bring this case and is not the real party in interest and that the appointment of a receiver is both unnecessary and premature."  *Id.* at 5.

Regarding standing, the Magistrate Judge found there is no issue because after Residential Mortgage, the original lender and entity holding Ms. Gauthier's note, executed a Quitclaim Assignment on April 27, 2017 conveying its rights to FNMA,

which held the mortgage at the time, FNMA gained a full bundle of rights, which it then assigned to Bravo. *Id.*

The Magistrate Judge then concluded that the appointment of a receiver was warranted "on several bases: that BRAVO has a contractual right to appoint a receiver and collect rent, is likely to succeed on the merits of its claim, has shown ongoing harm to its protectible interest in the Property, and has no adequate alternative remedy to redress that harm." *Id.* at 7.

## II.  THE PARTIES' POSITIONS

### A.  Margaret Gauthier's Objection to the Recommended Decision

Ms. Gauthier argues that "the extraordinary and drastic remedy of appointing a receiver is not warranted by the facts of this case . . . nor by existing law." *Pl.'s Obj.* at 1.  She adds that a receiver "**should not** be appointed because Plaintiff will not be able to prevail on the merits of its foreclosure action." *Id.* (emphasis in original).

Ms. Gauthier takes issue with the Magistrate Judge's conclusion that Residential's Quitclaim Assignment to FNMA on April 27, 2017 resolved the *Greenleaf* problem.  *Id.* at 3-4 (discussing *Bank of Am., N.A. v. Greenleaf*, 2014 Me 89, 96 A.3d 700).  She avers that "Residential **did not** own any rights under the mortgage **when it executed that Quitclaim Assignment**." *Id.* at 4 (emphasis in original).

To support this argument, Ms. Gauthier walks through a timeline of the Note being transferred, in an attempt to show that the Mortgage and Note were bifurcated, rendering future transfers a nullity with no legal effect.  *Id.* at 4-6 (citing *Carpenter v. Longan*, 83 U.S. 271 (1872) for the proposition that separating a mortgage and a

3

note is improper). She argues that "[t]he use of nominees, or third parties to hold, or record a mortgage, when the mortgagee retains possession of the note, splits the mortgage and note and conflicts with the decision in *Longan*." *Id.* at 7.

As a result, Ms. Gauthier insists that Bravo is unable to demonstrate ownership of both the mortgage and the underlying note, as required by *Greenleaf*. *Id.* at 10-11 (citing *Fed. Nat'l Mortg. Ass'n v. Quinn*, No. 1:19-cv-00097-JAW, 2019 U.S. Dist. LEXIS 212661 (D. Me. Dec. 6, 2019)). Therefore, she posits that Bravo lacks standing. *Id.* at 10 (citing *Homeward Residential Inc. v. Gregor*, 2015 ME 108, 122 A.3d 947).

Given this purported lack of standing, Ms. Gauthier says the Court lacks subject matter jurisdiction over this case and therefore the requisite jurisdiction to appoint a receiver. *Id.* at 14-16.

B. **Bravo's Response**

Bravo says that "[a] person or entity may be 'entitled to enforce the instrument even though the person is not the owner of the instrument.'" *Pl.'s Resp.* at 2 (citing 11 M.R.S. § 3-1301(3)). Therefore, Bravo argues, "[a] holder of the Note, as defined as a person or entity entitled to pursue an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action." *Id.* Bravo contends that since it holds the Note through its agent, and the Note has "clearly been endorsed from the original lender," ultimately to "blank," that is sufficient to allow it to enforce the Note. *Id.* (citing *Mortg. Elec. Sys. Inc. v. Saunders*, 2010 ME

4

79, ¶ 12, 2 A.3d 289, 296; and *Deutsche Bank Nat'l Trust Co. v. Wilk*, 2013 ME 79, 76 A.3d 363).

Bravo adds that the "assignment is valid since it was from the original lender, has been recorded more than two years," and recites the requisite succession of interest. *Id.* at 3. Therefore, Bravo argues, that assignment transfers the Mortgage title interest. *Id.* (citing *U.S. Bank v. Gordon*, 2020 ME 33, ¶ 8, 227 A.3d 577, 580; and *Nationstar Mortg., LLC v. Halfacre*, 2015 ME 97, 143 A.3d 136). Therefore, Bravo avers that "[i]n this case, the Plaintiff 'has both possession of the Note endorsed in blank and ownership over the Mortgage, [Plaintiff] has standing to foreclose.'" *Id.* (second alteration in original) (quoting *Greenleaf*, 2014 ME 89, ¶ 9, 96 A.3d at 705).

Bravo then discusses the *Erie* doctrine to argue that "the case cited by Defendant in support of her Opposition (*Carpenter v. Longan*, 83 U.S. 271 (1872)) which was interpreting Colorado territorial law or federal common law is inapplicable since it was not interpreting Maine real estate law." *Id.* at 4 (citation omitted).

### C. Margaret Gauthier's Reply

Ms. Gauthier contends that "Plaintiff's Response fails to address the fundamental defects in its foreclosure case that [she] identified in her Objection." *Def.'s Reply* at 1. She says that "[i]nstead of engaging with the merits of Ms. Gauthier's thoroughly documented arguments regarding the repeated separations of the mortgage and note, Plaintiff resorts to mischaracterizing her Objection and attacking her *pro se* status." *Id.*

5

Ms. Gauthier then largely reiterates her previous arguments, insisting that the "U.S. Supreme Court has long recognized that a mortgage and note are inseparable, and an assignment of the mortgage alone, without the note is a nullity." *Id.* at 2.  By her estimation, this principle is a "fundamental tenet of mortgage law that has been applied by courts across jurisdictions," including Maine in *Greenleaf*. *Id.* at 3.  She then repeats her argument that "a foreclosure plaintiff must establish an unbroken chain of assignments of both the mortgage and note to demonstrate standing." *Id.* at 3 (citing *U.S. Bank Trust, N.A. v. Jones*, 925 F.3d 5354, 539 (1st Cir. 2019)).  Additionally, she says her documentation shows "repeated separations of the mortgage and note through a series of invalid assignments," which deprive Bravo of standing to foreclose.  *Id.*

Ms. Gauthier then says, "a quitclaim deed is insufficient to establish standing where there are defects in the underlying assignments."  *Id.* at 4.  As such, she believes, Bravo's "attempt to paper over the clear gaps in its chain of mortgage assignments with a purported quitclaim deed is unavailing."  *Id.*

Finally, Ms. Gauthier argues that Bravo's "invocation of the *Erie* doctrine is entirely misplaced."  *Id.* at 7.  She advances that "*Erie* provides no support for Plaintiff's position; if anything, it confirms that Maine law governs the standing inquiry here.  And as detailed above, Maine law could not be clearer that a foreclosure plaintiff must establish a complete chain of title for both the note and the mortgage to have standing."  *Id.*

### III. ANALYSIS

To foreclose on a property in Maine, the plaintiff must prove interest in both the note and mortgage. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 12, 69 A.3d 411, 415. A note is a negotiable interest, so a plaintiff that "merely holds or possesses—but does not necessarily own—the note satisfies the note portion of the standing analysis." *Id.* "Unlike a note, a mortgage is not a negotiable instrument," therefore "the mortgage portion of the standing analysis requires the plaintiff to establish *ownership* of the mortgage." *Id.* (emphasis in original).

The Court's task, then, is determining whether Bravo, the entity which seeks to foreclose on the property at issue, has demonstrated ownership of the underlying Mortgage and that it holds, possesses, or owns the Note. The original owner of both the Mortgage and Note is Residential Mortgage Services (Residential). *See Compl.*, Attachs. 2, *InterestFirst NOTE*; *Id.*, Attach. 3, *MORTGAGE*. Over a decade later, Residential conveyed and assigned "any all rights it had under the Mortgage" to Federal National Mortgage Association (FNMA) through a Quitclaim Assignment. *See Compl.*, Attach. 7, *Quitclaim Agreement*; *Def.'s Objs.*, Attach. 10, *Quitclaim Agreement*. At this time, FNMA became the owner of the Mortgage.

A few years later, FNMA conveyed, granted, assigned, transferred, and set over the Mortgage "with all interest secured thereby, all liens, and any rights due or to become due thereon" to U.S. Bank Trust as trustee for LSRMF, a private equity fund. *Compl.*, Attach. 8, *Assignment of Mortgage*. At this time, LSRMF became the owner of the Mortgage.

7

Nearly two years later, through a corporate assignment, U.S. Bank Trust as trustee for LSRMF assigned its mortgage to U.S. Bank Trust as owner trustee of Bravo Residential Funding Trust (Bravo). *Id.*, Attach. 9, *Corporate Assignment of Mortgage*. At this time, Bravo became the owner of the Mortgage. With this, Bravo meets the mortgage part of the standing analysis.

The next question is whether Bravo also has an interest in the Note, by either holding, possessing, or owning the Note. In her analysis, the Magistrate Judge says the *Greenleaf* problem—that is the plaintiff not having both an interest in the mortgage and note—"was resolved when Residential Mortgage, the original lender in the chain of transactions in this case, executed a Quitclaim Assignment on April 27, 2017, conveying and assigning 'any and all rights it may have under the Mortgage' to FNMA, which at that time held Gauthier's mortgage." *Recommended Decision* at 5. To support this conclusion, the Magistrate Judge pointed to another case where the Court held that the *Greenleaf* problem was solved when the original lender assigned the mortgage with a quitclaim assignment. *See id.* (citing *Fed. Nat'l Mortg. Ass'n v. Quinn*, No. 1:19-cv-00097-JAW, 2019 U.S. Dist. LEXIS 212661 (D. Me. Dec. 6, 2019)).

While the *Greenleaf* problem was solved in *Quinn* when the original lender assigned the mortgage with a quitclaim assignment, that was under a different record. In *Quinn*, the record demonstrated that plaintiff had possession of the note. *See Quinn*, 2019 U.S. Dist. LEXIS 212661, at *4-5. Thus, when the plaintiff had both ownership of the mortgage and possession of the note, there was no longer a *Greenleaf* problem.

8

Here, Bravo owns the Mortgage and avers that it "holds the Note through its agent, Doonan, Graves & Longoria, LLC, [that] a copy of the original was attached as Exhibit B to this complaint, and [that] the original will be produced at trial . . .. It has clearly been endorsed from the original lender, Residential Mortgage Services, Inc. to SunTrust Mortgage, Inc. and then to [FNMA] and finally to 'blank.'" *Pl.'s Resp.* at 2. However, there is no evidence in the record that Bravo is in possession of the Note. Ownership of both the Mortgage, which exists, and interest in the Note, which there is no evidence of, are required to solve the *Greenleaf* problem. Consequently, the Court orders Bravo to produce evidence that it holds the Note that has been endorsed to blank within two weeks of the docketing of this order.

## IV. CONCLUSION

The Court ORDERS U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C, to produce evidence that it holds the Note for the Property located at 14-16 Melvin Ave, Old Orchard Beach, Maine 04064 within two weeks of the date of this Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2024