UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UMB BANK NATIONAL ASSOCIATION, *Not in Its Individual Capacity, but Solely as Legal Title Trustee for* LVS TITLE TRUST XIII,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET L. GAUTHIER,<br><br>　　　　　　Defendant. | 2:23-cv-00380-JAW |

**ORDER ON DEFENDANT'S MOTIONS FOR CERTIFICATION FOR INTERLOCUTORY APPEAL OF RECEIVERSHIP APPOINTMENT**

A defendant submits two motions seeking certification for interlocutory appeal of, among other things, a receivership appointment. The court addresses the remainder of the two certification motions in a separate order and now concludes that while the receivership appointment is entitled to interlocutory appeal, it is not subject to certification. The court accordingly dismisses the defendant's motions insofar as they move the court to certify the receivership appointment for interlocutory appeal.

**I.　BACKGROUND**[1]

On October 5, 2023, U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee of BRAVO Residential Funding Trust 2021-C (Bravo), filed a complaint against Margaret L. Gauthier seeking an in rem judgment

---

[1] The Court assumes the parties' familiarity with the extensive factual and procedural history and therefore limits its recitation of the procedural background to recent and relevant events.

of foreclosure and sale pursuant to 14 U.S.C. § 6322 against the property located at 14-16 Melvin Avenue, Old Orchard Beach, Maine 04064 (the Property). *Compl.* (ECF No. 1). On March 25, 2024, Bravo moved to appoint Benjamin P. Campo, Jr., Esq. as receiver for the Property. *Mot. to Appoint Receiver* (ECF No. 12). Ms. Gauthier opposed this motion on April 3, 2024. *Def. Margaret Gauthier's Mem. in Opp'n to Pl.'s Mot. for Appointment of Receiver* (ECF No. 13). Bravo replied on April 9, 2024. *Reply to Opp'n to Mot. to Appoint Receiver* (ECF No. 14).

On May 3, 2024, the United States Magistrate Judge filed her recommended decision with the Court, which concluded that the receiver appointment was warranted. *Recommended Decision on Mot. to Appoint Receiver* (ECF No. 16). Ms. Gauthier filed an objection to the Recommended Decision on May 17, 2024. *Def. Margaret Gauthier's Objs. to Mag.'s R. & R. to Appoint Receiver* (ECF No. 17); *see also Additional Attachs.* (ECF No. 20). Bravo responded to Ms. Gauthier's objection on May 31, 2024. *Resp. to Obj. by Def. Margaret Gauthier* (ECF No. 19). Ms. Gauthier replied on June 3, 2024. *Def. Margaret Gauthier's Reply to Pl.'s Resp. to Def.'s Objs. to Mag.'s Recommendations* (ECF No. 21).

On November 19, 2024, the Court issued an omnibus order responding to the many pending motions in this case. *Omnibus Order* (ECF No. 78). As part of the omnibus order, the Court affirmed the Magistrate Judge's Recommended Decision to grant Bravo's motion to appoint Attorney Campo as receiver for the Property, *see Omnibus Order* at 38-44, 63, and appointed Attorney Campo as receiver with powers to determine legal occupancy status, make necessary repairs and maintenance

expenditures for the overall preservation of the Property, and collect monthly rental payments from the tenants to be allocated toward expenses for maintenance, property insurance, and property taxes. *Id.* at 63. The omnibus order also granted Bravo's motion to substitute UMB Bank, National Association, not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust XIII (UMB Bank) as Plaintiff. *Id.* at 52-58, 64; *Mot. for Substitute of Pl.* (ECF No. 36).

On November 20, 2024, Ms. Gauthier filed a motion for certification of order for interlocutory appeal of the omnibus order. *Def.'s Mot. for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b)* (ECF No. 79) (*Def.'s First Certification Mot.*).

Also on November 20, 2024, Ms. Gauthier filed an emergency motion for stay of receivership order and motion for temporary restraining order (TRO). *Emergency Mot. for Stay of Receivership Order and Mot. for TRO* (ECF No. 80). On November 21, 2024, the Court ordered the Plaintiff to respond to the emergency motion as soon as possible and informed the parties the Court would act on the motion before November 22, 2024 at 5:00pm based on the filings available at that time. *Order* (ECF No. 81). UMB Bank responded on November 22, 2024. *Pl.'s Resps. to Def.'s Emergency Mot. for Stay of Receivership Order and Mot. for TRO [ECF 80]* (ECF No. 82). The Court issued an order denying Ms. Gauthier's emergency motion for TRO and stay on November 22, 2024. *Order on Emergency Mot. for Stay of Receivership Order and Mot. for TRO* (ECF No. 85). On November 24, 2024, Ms. Gauthier submitted an amended motion for TRO and stay. *Def.'s Am. Emergency Mot. for TRO*

3

*and Stay of Receivership Order* at 1 (ECF No. 87). The Court denied Ms. Gauthier's amended emergency motion for TRO and stay of receivership order on November 26, 2024. *Order on Def.'s Am. Emergency Mot. for TRO and Stay of Receivership Order* (ECF No. 91).

On November 27, 2024, Ms. Gauthier filed a supplemental memorandum in support of her motion to certify her appeal of the omnibus order and to certify appeal of the Court's denial of her amended motion for emergency TRO. *Suppl. Mem. in Support of Mot. to Certify Omnibus Order and Mot. to Certify Denial of Emergency TRO for Interlocutory Appeal* (ECF No. 92) (*Def.'s Second Certification Mot.*).

On December 4, 2024, the Court ordered the parties to respond to whether 28 U.S.C. § 1292(a)(2) applies to Ms. Gauthier's motion for order certifying the receivership appointment for interlocutory appeal. *Order to Respond* at 1 (ECF No. 94). The Court ordered the parties to respond by December 6, 2024 as to:

(1) Whether § 1292(a)(2) applies to the Court's Omnibus Order dated November 19, 2024 insofar as it grants U.S. Bank's (now UMB's) motion for appointment of Attorney Campo as receiver;

(2) If § 1292(a)(2) applies, whether the certification set forth in § 1292(b) is necessary or appropriate for that part of the Omnibus Order dealing with the appointment of a receiver. Here the Court is wondering about the statutory language, "in making in a civil action an order not otherwise appealable under this section," in § 1292(b);

4

(3) If Ms. Gauthier appeals the order appointing the receiver, whether the receivership order must be stayed or remains effective pending final resolution of the appeal and/or the underlying foreclosure;

(4) If Ms. Gauthier appeals the order appointing the receiver, whether the foreclosure action in its entirety must be stayed or may proceed forward to trial in February 2025.

*Id.* at 5-6.

On December 6, 2024, UMB Bank responded to the Defendant's motion to certify the receivership appointment and in compliance with the Court's order. *Pl.'s Resp. to This Ct.'s Order to Respond* (ECF No. 96) (*Pl.'s Certification Opp'n*). Ms. Gauthier did not file a response to the order to respond.

The Court issues this order to address Ms. Gauthier's motion for order certifying interlocutory appeal of the receivership appointment; the Court addresses the remainder of Ms. Gauthier's certification motions in a separate order issued simultaneously.

## II.  THE PARTIES' POSITIONS

### A.  Margaret L. Gauthier's Motions for Certification of Receivership Appointment

#### 1.  The Defendant's First Certification Motion

Ms. Gauthier first moves the Court to certify the November 19, 2024 Omnibus Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), arguing that the order "involves controlling questions of law, substantial grounds for difference of opinion, and resolution by the appellate court will materially advance the ultimate

5

termination of this litigation." *Def.'s First Certification Mot.* at 1. More specifically, she contends certification is appropriate because: (1) the question of standing is a controlling issue of law, (2) there are substantial grounds for a difference of opinion regarding the effect of post-filing assignments and contradictory evidence, and (3) resolving the jurisdictional issue now will materially advance the litigation by avoiding unnecessary trial preparation, discovery, and appellate review at a later stage. *Id.* at 1-2.

### 2. The Defendant's Second Certification Motion

Ms. Gauthier's second certification motion, filed as a supplement to her first certification motion, additionally moves for an order certifying for interlocutory appeal the Court's denial of her amended emergency TRO and stay motion. *Def.'s Second Certification Mot.* at 1. She asserts "[t]he omnibus order and TRO denial involve overlapping and procedural questions, making combined certification logical and efficient." *Id.* Further, Ms. Gauthier says the omnibus order and TRO denial involve controlling questions of law with substantial grounds for difference of opinion, including: (1) whether the Plaintiff established standing and chain of title under First Circuit precedent, (2) whether procedural irregularities and unresolved jurisdictional issues invalidate the Receiver's authority, and (3) whether the Court properly applied *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), in denying the TRO motion. *Id.* at 1-2.

### B. UMB Bank's Opposition

UMB Bank responded to Ms. Gauthier's certification motions after the Court issued its order to respond and its response focuses exclusively on the issue of the receivership certification. *See, generally, Pl.'s Certification Opp'n.* To the Court's question of whether 28 U.S.C. § 1292(a)(2) applies to Ms. Gauthier's motions to certify the receivership appointment, the Plaintiff says, "[y]es, it does, however Ms. Gauthier's request for certification is too broad to qualify under this section." *Id.* at 1. After reminding the Court of its "inherent equitable power to appoint a receiver to manage or preserve property pending judgment," *id.* at 2 (quoting *U.S. Bank Nat'l Ass'n v. SRA Augusta SPE, LLC*, No. 1:16-cv-00410-JDL, 2016 U.S. Dist. LEXIS 159193,WL 6808132, at *10-11 (D. Me. Nov. 17, 2016) (citation amended)), the Plaintiff argues "[i]t will therefore be difficult, if not impossible, for the Defendant to overturn the portion of the Omnibus Order related to Atty. Campo's being appointed receiver in the limited fashion the Court has outlined (for instance, Atty. Campo has no right to sell the subject property)." *Id.*

Further, the Plaintiff argues neither the Court's receivership order nor the underlying foreclosure action in its entirety needs be stayed pending final resolution of Ms. Gauthier's appeal and/or the underlying litigation. *Id.* at 3-5. First, UMB argues "a stay is not required, and the matter may proceed to trial as this is an *in rem* proceeding against the asset and the Receiver's authority is limited to preservation actions and having him in place will help preserve both the asset and the cash collateral as well as limiting liability." *Id.* at 4. Second, after acknowledging

7

that generally "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal," *id.* (quoting *Marese v. American Academy of Orthodontic Surgeons*, 470 U.S. 373, 379 (1985)), the Plaintiff argues "it is well established in this circuit that a district court can proceed, notwithstanding the technical pendency of an appeal, when it is clear that the appeal constitutes a transparently frivolous attempt to impede the progress of the case." *Id.* (quoting *Blob. Naps., Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 19 (1st Cir. 2007)). "This is such a situation," the Plaintiff avers. *Id.* Third, the Plaintiff urges this case to continue to trial in February 2025 because "the appeal will not involve the entire case so it also falls under the *Griggs* principle." *Id.* at 5 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)).

The Plaintiff concludes by urging the Court to deny the Defendant's motions to certify the receivership appointment.

### III. DISCUSSION

#### A. Interlocutory Appeal and Certification of the Receivership Appointment

28 U.S.C. § 1292(a)(2) states: "(a) Except as provided in subsections (c) and (d) of this section, the court of appeals shall have jurisdiction of appeals from: . . .. (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." The First Circuit says, "[o]rdinarily, we do not have jurisdiction to review a non-final order." *Green Earth Energy Photovoltaic Corp. v. KeyBank N.A.*, 51 F.4th 383, 389 (1st Cir. 2022) (citing 28 U.S.C. § 1291). "But . . .

appellate jurisdiction to review an interlocutory appeal challenging the appointment of a receiver is explicitly provided in 28 U.S.C. § 1292(a)(2)." *Id.*; *see also State St. Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487 (1st Cir. 1996) ("We think [§ 1292(a)(2)] is reasonably understood as authorizing appellate jurisdiction in three discrete situations: 1) the appointment of a receiver, 2) the refusal to wind up a receivership, and 3) the refusal to take steps to accomplish the purposes of a receivership").

The First Circuit in *United States v. Quintana-Aguayo*, 235 F.3d 682 (1st Cir. 2000), further held:

> Among other concerns, § 1292(a)(2) applies to appeals from orders appointing federal equity receivers. Such receivers are non-governmental employees, often, though not necessarily, appointed pursuant to the court's inherent equitable powers, at the behest of private parties, to protect purely private interests by preserving property pending judgment.

*Quintana-Aguayo*, 235 F.3d at 686 (citing *In re Klein*, 940 F.2d 1075, 1077 n.2 (7th Cir. 1991) (§ 1292(a)(2) limited to federal equity receivers); *In re Memorial Ests., Inc.*, 797 F.2d 516, 520 (7th Cir. 1986) (given the procedural safeguards, bankruptcy trustees are not receivers for purposes of interlocutory appeal).

Furthermore, the language of § 1292(b)—the certification subsection—provides that it applies only "in making in a civil action an order not otherwise appealable under this section," and in § 1292(a)(2) receivership orders are subject to interlocutory appeal. Thus, the certification subsection does not by its terms apply to appeals of receivership orders.

9

In line with the plain language of 28 U.S.C. § 1292(a)(2) and First Circuit precedent, the Court concludes the portion of the omnibus order appointing Attorney Campo as receiver for the Property is entitled to interlocutory appeal, and the receivership order is not subject to certification because § 1292(a)(2) plainly states the courts of appeal "shall have jurisdiction of appeals from: . . .. (2) Interlocutory orders appointing receivers . . .." 28 U.S.C. § 1292(a)(2).

### B. Stay

Federal Rule of Civil Procedure 62(c), "Stay of an Injunction, Receivership, or Patent Accounting Order," provides, in relevant part, "[u]nless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership." FED. R. CIV. P. 62(c)(1) (emphasis removed).

The law is clear that a receivership appointment is not automatically stayed pending appeal. *Id.*; *compare* FED. R. CIV. P. 62(c)(1) *with* FED. R. CIV. P. 62(a) ("**Automatic Stay**. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise") (emphasis in original); *see also* FED. R. CIV. P. 8(a)(1) ("A party must ordinarily move first in the district court for . . . (A) a stay of the judgment or order of the district court pending appeal . . . or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending").

## IV.   CONCLUSION

Concluding that the portion of the omnibus order appointing Benjamin P. Campo, Jr. as receiver for the real property located at 14-16 Melvin Avenue, Old Orchard Beach, Maine is subject to interlocutory appeal, and not subject to certification, the Court DISMISSES Defendant's Motion for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 79) and Supplemental Memorandum in Support of Motion to Certify Omnibus Order and Motion to Certify Denial of Emergency TRO for Interlocutory Appeal (ECF No. 92), insofar as they request the Court to certify the receivership appointment.  As noted, the Court responds to the remainder of the Defendant's certification motions in a separate order issued simultaneously.

The receivership appointment remains in effect, as do all pending deadlines and scheduling orders.  The case will proceed to trial during the February term of court, which commences February 3, 2025.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2024