UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UMB BANK NATIONAL ASSOCIATION, *Not in Its Individual Capacity, but Solely as Legal Title Trustee for* LVS TITLE TRUST XIII, <br><br> Plaintiff, <br><br> v. <br><br> MARGARET L. GAUTHIER, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) 2:23-cv-00380-JAW |

**ORDER ON DEFENDANT'S MOTIONS FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

In two separate motions, the defendant in a foreclosure case seeks certification for interlocutory appeal of the court's resolution of her motions on issues of standing, chain of title, appointment of a receiver, and denial of a temporary restraining order (TRO). The court addresses the receivership, which is not subject to certification, in a separate order and now dismisses the defendant's motions for orders certifying interlocutory appeal of the remainder of the omnibus order and the amended TRO.

**I.   BACKGROUND**[1]

On June 17, 2004, Margaret L. Gauthier purchased a two-unit investment property (the Property) located at 14-16 Melvin Avenue in Old Orchard Beach, Maine. *Recommended Decision on Mot. to Appoint Receiver* at 2 (ECF No. 16) (*Recommended*

---

[1]   The Court assumes the parties' familiarity with the extensive factual and procedural history and therefore limits its recitation of the procedural background to recent and relevant events.

*Decision*);[2] *see Mot. to Appoint Receiver and Mem. in Support of Law in Support of Mot.*, Attach. 1, *Aff. in Support of Mot. to Appoint Receiver* ¶ 4 (describing the Property) (ECF No. 12) (*Kelly Aff.*). On June 2, 2006, Ms. Gauthier executed and delivered a promissory note (the Note) in the amount of $269,000 to Residential Mortgage Services, Inc. and a mortgage deed (the Mortgage) securing the Note to Mortgage Electronic Systems, Inc. *Recommended Decision* at 2-3. According to the Plaintiff, although the Plaintiff alleges a recent default due to a loan modification, Ms. Gauthier stopped paying the loan in 2008. *Id.* The loan has been in default since at least April 1, 2022. *Id.* at 4. Again according to the Plaintiff, Ms. Gauthier filed eight unsuccessful bankruptcy cases since she first defaulted on her loan, and pursuant to a Chapter 7 bankruptcy, she received a Chapter 7 discharge, discharging her personal liability for the June 2, 2006 promissory Note and Mortgage. *Id.* at 3-4. On April 1, 2022, Ms. Gauthier stopped paying taxes and insurance on the Property and declined to make needed repairs as well as make the monthly mortgage payments. *Id.* at 4.

On May 3, 2024, the United States Magistrate Judge issued an order, recommending that the Court grant the Plaintiff's motion to appoint Benjamin P. Campo, Jr., Esq. as receiver for the Property. *Id.* at 10. On May 17, 2024, Ms. Gauthier objected to the recommended decision. *Def. Margaret Gauthier's Objs. to*

---

[2] The Court draws this part of the background from the Magistrate Judge's recommended decision dated May 3, 2024, recommending the appointment of a receiver; the Court affirmed the recommended decision on November 19, 2024 in its omnibus order, *Recommended Decision on Mot. to Appoint Receiver* (ECF No. 16); *Omnibus Order* at 63 (ECF No. 78), and from an affidavit submitted in support of the Plaintiff's motion for appointment of receiver by Matthew Kelly, a paralegal at Doonan, Graves & Longoria, LLC. *Mot. to Appoint Receiver and Mem. in Support of Law in Support of Mot.*, Attach. 1, *Aff. in Support of Mot. to Appoint Receiver* (*Kelly Aff.*).

*Mag.'s R. & R. to Appoint Receiver* (ECF No. 17). Ms. Gauthier proceeded to flood the Court with a cascade of motions and filings. *Def. Margaret Gauthier's Req. for Judicial Notice* (ECF No. 18); *Def. Margaret Gauthier's Mot. to Strike and Obj. to Admission of Alleged "Original" Promissory Note* (ECF No. 29); *Def.'s Req. for Judicial Notice* (ECF No. 30); *Def. Margaret Gauthier's Mot. to Strike and Obj. to Admission of Alleged "Original" Promissory Note* (ECF No. 39); *Def. Margaret Gauthier's Mot. to Compel Production of the Original Note* (ECF No. 40); *Def.'s Mot. for Recons. and Obj. to Ct's Order Deeming the Order to Clarify Resolved* (ECF No. 41); *Obj.* (ECF No. 42); *Def. Margaret Gauthier's Suppl. Br. Addressing Pl.'s Failure to Produce the Original Note* (ECF No. 43); *Aff. of Margaret L. Gauthier* (ECF No. 44); *Def. Margaret Gauthier's Mot. for Sanctions Against Pl. and Pl.'s Counsel* (ECF No. 54); *Def. Margaret Gauthier's Mot. for Forensic Examination of Promissory Note and Mortg.* (ECF No. 56); *Def. Margaret Gauthier's Suppl. Br. in Support of Mot. to Dismiss* (ECF No. 57); *Additional Attachs.* (ECF No. 58); *Additional Attachs.* (ECF No. 59); *Additional Attachs.* (ECF No. 60); *Def.'s Mot. to Strike Pl.'s Reply, Req. for Sanctions, and Req. for Order to Show Cause* (ECF No. 62); *Def. Margaret Gauthier's Mot. to Compel Disc.* (ECF No. 63); *Def.'s Mot. to Take Judicial Notice of Transfers, Foreclosures and Assignments and Their Relevance to This Case* (ECF No. 64); *Def. Margaret Gauthier's Obj. to Pl.'s Reply to Obj. to Mot. to Substitute* (ECF No. 65); *Def. Margaret Gauthier's Suppl. Br. Addressing Recent Change in Me. Foreclosure Law* (ECF No. 66); *Def. Margaret Gauthier's Suppl. Br. Regarding the Missing Modified*

3

*Note* (ECF No. 69); *Def.'s Mot. for Summ. J. Statement of Material Facts and Inc. Mem. of Law* (ECF No. 75).

Faced with this onslaught of filings, on November 19, 2024, the Court issued a sixty-five-page omnibus order resolving the pending motions in this case and ordering the Clerk to schedule the case for trial. *Omnibus Order* at 1-65 (ECF No. 78). Among other things, the omnibus order affirmed the Magistrate Judge's Recommended Decision to grant Bravo's motion to appoint Attorney Campo as receiver for the Property, *id.* at 38-44, 63, and the Court appointed Attorney Campo as receiver with the authority to determine legal occupancy status, make necessary repairs and maintenance expenditures for the overall preservation of the Property, and collect monthly rental payments from the tenants to be allocated toward expenses for maintenance, property insurance, and property taxes. *Id.* at 63. The omnibus order also granted Bravo's motion to substitute UMB Bank, National Association, not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust XIII (UMB Bank) as Plaintiff. *Id.* at 52-58, 64; *Mot. for Substitute of Pl.* (ECF No. 36).

On November 20, 2024, Ms. Gauthier filed a motion for order certifying an interlocutory appeal of the Court's omnibus order. *Def.'s Mot. for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b)* (ECF No. 79) (*Def.'s First Certification Mot.*).[3]

---

[3]  UMB Bank responded on November 22, 2024 exclusively to the question of the receivership appointment and the Court does not discuss this response in this order. *Pl.'s Resps. to Def.'s Emergency Mot. for Stay of Receivership Order and Mot. for TRO [ECF 80]* (ECF No. 82) (*Pl.'s Emergency Mot. Resps.*).

Also on November 20, 2024, Ms. Gauthier filed an emergency motion for stay of the receivership order and motion for temporary restraining order (TRO). *Emergency Mot. for Stay of Receivership Order and Mot. for TRO* (ECF No. 80). The Court issued an order denying Ms. Gauthier's emergency motion on November 22, 2024. *Order on Emergency Mot. for Stay of Receivership Order and Mot. for TRO* (ECF No. 85).

Responding to his appointment as receiver, Attorney Campo filed an affidavit reflecting his initial inspection of the Property. *Pl.'s Emergency Mot. Resps.*, Attach. 1, *Aff. of Receiver Benjamin P. Campo, Jr., Esq.* (*Campo Aff.*) Attorney Campo confirmed that the unit at 14 Melvin Avenue pays $1,700 per month in rent and the unit at 16 Melvin Avenue pays $2,300 per month in rent. *Id.* ¶¶ 4-5.

Also on November 22, 2024, the Court issued an order requiring Ms. Gauthier to show cause as to why she should not be subjected to sanctions and a *Cok* filing restriction based on the numerous and alarming quotation and citation errors within her emergency motion and, as it turned out, other past filings. *Order to Show Cause* (ECF No. 83).[4]

On November 24, 2024, Ms. Gauthier submitted an amended motion for TRO and stay, which she averred "corrects the errors in Defendant's original submission,

---

[4] In reviewing the Defendant's emergency motion, the Court noted that it contained numerous misquotations and miscitations and, in one instance, a citation to a case that does not appear to exist. This is a grave and significant error. On November 22, 2024, the Court ordered Ms. Gauthier to show cause as to why she should not be sanctioned and subjected to a filing restriction pursuant to *Cok v. Family Court*, 985 F.2d 32 (1st Cir. 1993) for her misleading citations. *Order to Show Cause*. Ms. Gauthier responded to the Court's order to show cause on November 24, 2024. *Def.'s Resp. to Order to Show Cause* (ECF No. 88). On December 5, 2024, the Court issued an order imposing a sanction and second *Cok* warning on Ms. Gauthier in this case. *Order Imposing Sanction and Second* Cok *Warning* (ECF No. 95) (*Sanction Order*).

5

ensures that all cited authorities are verified, and demonstrates the necessity of granting the requested relief." *Def.'s Am. Emergency Mot. for TRO and Stay of Receivership Order* at 1 (ECF No. 87). On November 26, 2024, the Court denied Ms. Gauthier's amended emergency motion, concluding that the motion was meritless, and, further, that, despite her assurances, it contained additional miscitations and misquotations. *Order on Def.'s Am. Emergency Mot. for TRO and Stay of Receivership Order* at 3-9 (ECF No. 91) (*Am. Emergency Order*).

On November 27, 2024, Ms. Gauthier submitted a second motion for certification of interlocutory appeal, supplementing her pending motion for an order certifying interlocutory appeal of the omnibus order and also moving for an order certifying interlocutory appeal of the Court's denial of her amended emergency motion for TRO and stay. *Suppl. Mem in Support of Mot. to Certify Omnibus Order and Mot. to Certify Denial of Emergency TRO for Interlocutory Appeal* (ECF No. 92) (*Def.'s Second Certification Mot.*).

The Court issues this order to respond to the Defendant's two pending motions for orders certifying interlocutory appeal. As noted, the Court responds to the whether the receivership order warrants interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(2) in a separate order issued simultaneously.

## II.     MARGARET L. GAUTHIER'S MOTIONS FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL

### A.     The Defendant's First Certification Motion

Ms. Gauthier first moves the Court to certify the November 19, 2024 Omnibus Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), arguing that the order

6

"involves controlling questions of law, substantial grounds for difference of opinion, and resolution by the appellate court will materially advance the ultimate termination of this litigation." *Def.'s First Certification Mot.* at 1. More specifically, she contends certification is appropriate because: (1) the question of standing is a controlling issue of law, (2) there are substantial grounds for a difference of opinion regarding the effect of post-filing assignments and contradictory evidence, and (3) resolving the jurisdictional issue now will materially advance the litigation by avoiding unnecessary trial preparation, discovery, and appellate review at a later stage. *Id.* at 1-2. After attempting to relitigate the merits of this long-running case, *id.* at 2-7, she further asserts that the Court's dismissal of her motion for summary judgment on procedural grounds in its omnibus order "conflicts with jurisdictional principles." *Id.* at 8-9 (capitalization altered). Ms. Gauthier concludes that "[t]his case presents exactly the type of extraordinary jurisdictional failure that warrants immediate appellate review – where the original plaintiff lacked authority to file, its attempted cure lacked authority to act, and its own evidence proves neither could have standing." *Id.* at 10.

B.   **The Defendant's Second Certification Motion**

Ms. Gauthier's second certification motion, filed as a supplement to her first certification motion, additionally moves for an order certifying for interlocutory appeal the Court's denial of her amended emergency TRO and stay motion. *Def.'s Second Certification Mot.* at 1. She asserts "[t]he omnibus order and TRO denial involve overlapping and procedural questions, making combined certification logical

and efficient." *Id.* Further, Ms. Gauthier says the omnibus order and TRO denial involve controlling questions of law with substantial grounds for difference of opinion, including: (1) whether the Plaintiff established standing and chain of title under First Circuit precedent, (2) whether procedural irregularities and unresolved jurisdictional issues invalidate the Receiver's authority, and (3) whether the Court properly applied *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), in denying the TRO motion. *Id.* at 1-2. She argues that immediate appellate review "will materially advance the litigation by addressing these foundational issues, ensuring procedural integrity, and resolving questions critical to [her] property rights." *Id.* at 2.

In support of certification of the omnibus order, Ms. Gauthier reiterates her belief that UMB Bank lacks standing to foreclose based on an improper chain of title. *Id.* at 3.

In support of certification of the Court's order on her amended emergency motion, Ms. Gauthier avers the Court's denial of that motion "raises significant legal questions about the application of the *Winter* factors," *id.*, and argues the Court misapplied the Supreme Court's four-factor test for temporary injunctive relief as enumerated in *Winter* in denying her motion. *Id.* at 6-10.

### III. LEGAL STANDARD

Federal statutory law provides for interlocutory appeals from decisions of district courts to circuit courts of appeal in limited circumstances. 28 U.S.C. § 1292(a)(1). The statute states in relevant part that "the courts of appeals shall have jurisdiction of appeals from: (1) interlocutory orders of the district courts of the United

States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." *Id.* "Because 'the term 'injunction' [in § 1292(a)(1)] is understood not to encompass [TROs],' the grant of a TRO generally is not appealable" in the First Circuit. *Almeida-Leon v. WM Cap. Mgmt.*, No. 20-2089, No. 21-1806, No. 21-1807, 2024 U.S. App. LEXIS 14053, at *8 (1st Cir. June 10, 2024) (first quoting *S.F. Real Estate Invs. v. Real Estate Inv. Tr. of Am.*, 692 F.2d 814, 816 (1st Cir. 1982) and then citing *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990)). "However, the use of the 'temporary restraining order' label by a district court does not defeat appealability if the order is in substance a[n] . . . injunction." *Id.* (quoting *S.F. Real Estate*, 692 F.2d at 816). "To ensure an order is not an injunction masquerading as a TRO, we look primarily to the order's duration. TROs are temporary and short; injunctions need not be." *Id.* at *8-9 (citing *Melanson v. John J. Duane Co.*, 605 F.2d 31, 33 (1st Cir. 1979) ("[An order] has to be treated for what it is, a preliminary injunction, not what it was labeled")).

For motions seeking interlocutory appeal of matters not within the limited list expressly provided in 28 U.S.C. § 1291(a), the statute imposes significant hurdles before a district court may certify an interlocutory appeal to the circuit court:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an

9

> appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

The First Circuit has interpreted § 1292(b) as imposing three requirements for an order: (1) it must involve "a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Caraballo-Seda v. Mun. of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). "Certifications under § 1292(b) are not looked upon with favor by the First Circuit." *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 168 (D. Mass. 2010). The First Circuit has described appeals under § 1292(b) as "hens' teeth rare." *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004).

The First Circuit has "repeatedly emphasized that 'interlocutory certification under § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" *Caraballo-Seda*, 395 F.3d at 9 (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986); *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). This reflects the First Circuit's "policy preference against piecemeal litigation, as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings." *Id.* (internal citation omitted).

10

## IV. DISCUSSION

As a preliminary matter, Court addresses the persistence of egregious, but now anticipated, citation and quotation errors in Ms. Gauthier's two motions. After resolving this distracting and yet necessary issue, the Court turns to consider the remaining substance of the two motions for orders certifying interlocutory review.

### A. The Defendant's Citations

#### 1. The First Certification Motion

In light of this case's procedural history, the Court addresses Ms. Gauthier's citation errors, which are repeated in her pending motions for interlocutory appeal. In support of her argument that substantial grounds for difference of opinion exist, Ms. Gauthier cites *United States Bank Trust, N.A. v. Jones*, 925 F.3d 534 (1st Cir. 2019), for the proposition that "[t]he First Circuit . . . reiterated the importance of proving standing at the time of filing." *Def.'s First Certification Mot.* at 7. While this proposition is generally correct as a matter of law, Ms. Gauthier's citation is inapposite. The First Circuit in *Jones* does not discuss standing.

In support of the same argument, Ms. Gauthier cites *JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 7, 10 A.3d 718 (citation corrected) (pincite added), and submits this case demonstrates that "[t]he Maine Supreme Judicial Court has held that such inconsistencies [in chain of title of a promissory note and mortgage where there were multiple version of the note] undermine a foreclosing party's claim." *Def.'s First Certification Mot.* at 7. Ms. Gauthier errs in her reading of *Harp*. In that case, the Maine Law Court concluded that a bank filing a complaint prior to the assignment of

11

the mortgage "was an understandable mistake" and "did not change the cause of action or prejudice [the defendant]." *Harp*, 2011 ME 5, ¶¶ 12-13, 10 A.3d 718. The Maine Law Court continued, "[the bank] owned both the note and the mortgage at the time that it filed for summary judgment. Given [the defendant]'s failure to raise this issue until after [the bank] had corrected the defect in standing . . . we find that the court did not err in allowing [the bank] to file for summary judgment after the assignment." *Id.* ¶ 14.

In support of her argument that the Court's dismissal of her motion for summary judgment on procedural grounds conflicts with jurisdictional principles, Ms. Gauthier cites *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). *Def.'s First Certification Mot.* at 9. In its order on the amended emergency motion, the Court explained that the discussion of "hypothetical jurisdiction" in *Steel Co.* does not apply to the case at bar, in which Plaintiff's counsel has submitted multiple affidavits representing its possession and ownership of the Note and Mortgage. *Am. Emergency Order* at 5-6. Ms. Gauthier's repeated citation to *Steel Co.* is inapposite for the same reasons the Court previously discussed. *See id.*

Ms. Gauthier also includes a purported quotation from a Supreme Court case, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011), which upon review does not appear within that decision as quoted by Ms. Gauthier. *Def.'s First Certification Mot.* at 9. Similarly, she ostensibly quotes verbatim from a First Circuit decision, *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1998), the language of which again not appear within that decision as quoted by the Defendant. *Def.'s First*

12

*Certification Mot.* at 9. The same is true of alleged quotations Ms. Gauthier improperly attributes to *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 92 (1st Cir. 2008), and *United States ex rel. Willette v. University of Massachusetts, Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). *Def.'s First Certification Mot.* at 9.

### 2. The Second Certification Motion

Citation errors persist in the second certification motion, filed after the Court warned Ms. Gauthier of the significance of these errors and after she assured the Court of her careful attention in future filings. *See Order to Show Cause*; *Def.'s Resp. to Order to Show Cause*. Ms. Gauthier includes three quotations from *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 289-91 (1st Cir. 2013), none of which exists in that opinion. *Def.'s Second Certification Mot.* at 3.

She attributes multiple quotations to the First Circuit in *K-Mart Corporation v. Oriental Plaza, Inc.*, 875 F.2d 907, 916 (1st Cir. 1989), which do not appear in that opinion. *Def.'s Second Certification Mot.* at 4, 8.

Ms. Gauthier also includes multiple quotations from *Nken v. Holder*, 556 U.S. 418, 426 (2009), which do not appear in that opinion. *Def.'s Second Certification Mot.* at 5, 8.

Finally, the Defendant represents a quotation as coming from *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18-19 (1st Cir. 1996), but the allegedly quoted language does not appear in that opinion. *Def.'s Second Certification Mot.* at 8.

As the Court has made clear to Ms. Gauthier on several occasions, these are staggering and grave errors, and the Court does not take them lightly. *See Order to Show Cause*; *Sanction Order*. If Ms. Gauthier submitted these two motions for orders certifying interlocutory appeal after the Court issued its order imposing sanction and a second *Cok* warning, the Court likely would not have reviewed these motions on the merits. As the Court said in that order, enough is enough.

### B.     The Merits

Turning to the substance of Ms. Gauthier's motions, the Court concludes that neither the omnibus order (excepting the receivership appointment) nor the amended TRO motion is appropriate for interlocutory appeal.

First, the Court's denial of the amended TRO motion is not entitled to interlocutory appellate review pursuant to 28 U.S.C. § 1292(a)(1). The First Circuit has held that "'the term 'injunction' [in § 1292(a)(1)] is understood not to encompass [TROs],'" *Almeida-Leon*, 2024 U.S. App. LEXIS 14053, at *8 (quoting *S.F. Real Estate Invs.*, 692 F.2d at 816), and "the grant of a TRO generally is not appealable." *Id.* (citing *In re Lieb*, 915 F.2d at 183). Although the First Circuit further held that labeling an order a TRO "does not defeat appealability if the order is in substance a[n] . . . injunction," *id.*, that is not the case here. Ms. Gauthier's amended motion for TRO that the Court denied sought an injunction of the receivership appointment which is temporary pending resolution of this lawsuit, currently on the February 2025 trial list.

14

The Court also does not conclude that either the amended TRO denial or the omnibus order warrants interlocutory appeal pursuant to 28 U.S.C. § 1292(b). There are no grounds on which the Court could conclude that either order involves a controlling question of law as to which there is a substantial ground for difference of opinion or that an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

As to whether an immediate appeal would materially advance the ultimate termination of the litigation, exactly the opposite is true. This case is on the February 2025 trial list; granting interlocutory appeal would only serve to delay, not hasten, resolution of this dispute. Unfortunately, the Court has come to see Ms. Gauthier's filings as a delay tactic, designed to postpone the final resolution of this case. Ms. Gauthier seeks to maintain the status quo, wherein she makes no mortgage payments and pays nothing to maintain, insure, or remit taxes on the Property, and UMB Bank pays all property taxes, insurance, and maintenance costs of the Property. All the while, the Defendant continues to collect approximately $4,000 in monthly rent payments in circumstances where UMB has no right due to Ms. Gauthier's bankruptcy discharge to collect back the money Ms. Gauthier has received until the date of the confirmation of the receiver. *See Campo Aff.* ¶¶ 4-5. It is clear why Ms. Gauthier would like to maintain this situation. However, allowing the Defendant to continue to delay resolution of this matter through non-meritorious filings would be procedurally improper, let alone substantively unjust.

The First Circuit has "repeatedly emphasized that 'interlocutory certification under § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" *Caraballo-Seda*, 395 F.3d at 9 (quoting *Palandjian*, 782 F.2d at 314; *McGillicuddy*, 746 F.2d at 76 n.1). Quite simply, Ms. Gauthier's basis for appeal is not exceptional. Further, despite Ms. Gauthier's urgings to the contrary, she has provided the Court with no authority on which to conclude that her case presents "difficult and pivotal questions of law." *Id.* To the contrary, the Court has fully addressed the legal questions Ms. Gauthier's motions raise numerous times.

Moreover, the Clerk has placed this case on the February 2025 trial list and Ms. Gauthier will get her day in court. At trial, the burden will be on UMB Bank to demonstrate that it is more likely than not entitled to foreclose Ms. Gauthier's Property and Ms. Gauthier will be given the opportunity to challenge UMB's proof and present her own defense.

As the Court understands it, the primary basis of Ms. Gauthier's defense has been a so-called "*Greenleaf* problem." *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 16-17, 96 A.3d 700. But after reviewing available documents, neither this Court nor the Magistrate Judge detected a *Greenleaf* problem, and, to resolve whether such a problem exists, the Court scheduled this matter for trial in February 2025 whereby UMB will be required to prove it possesses the legal ownership of both the promissory Note and Mortgage. Instead of welcoming the opportunity to challenge

16

UMB's position at an evidentiary hearing, Ms. Gauthier has steadfastly sought to delay resolution, during which time—until very recently—she continued to receive rent and she still refuses to pay necessary expenses for the Property. It is in this broader context that Ms. Gauthier submitted false and inaccurate legal citations in her court filings. In short, the Court is becoming increasingly concerned that Ms. Gauthier may be a contentious litigant whose repetitive filings are, at this point, solely for the purpose of delay.

Moreover, a February 2025 trial assures Ms. Gauthier that, if she loses at trial, she will have the right to present her arguments by appeal to the Court of Appeals for the First Circuit because there would be a final judgment. Thus, in a period much shorter than the likely time for the resolution of her proposed interlocutory appeal, Ms. Gauthier would have not only her day in trial court, but also an unchallenged right to appeal any adverse final judgment.

## V.   CONCLUSION

The Court DISMISSES Defendant's Motion for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 79) and Supplemental Memorandum in Support of Motion to Certify Omnibus Order and Motion to Certify Denial of Emergency TRO for Interlocutory Appeal (ECF No. 92).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2024