UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UMB BANK NATIONAL ASSOCIATION, )<br>*Not in Its Individual Capacity, but Solely* )<br>*as Legal Title Trustee for* LVS TITLE )<br>TRUST XIII, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARGARET L. GAUTHIER, )<br>)<br>    Defendant. ) | 2:23-cv-00380-JAW |

**ORDER TO STRIKE DEFENDANT'S MOTION IN LIMINE**

In accordance with the Court's recent order imposing a sanction on and issuing a *Cok* warning to Margaret L. Gauthier, *Order Imposing Sanction and Second* Cok *Warning* (ECF No. 95) (*Sanction Order*), the Court strikes the Defendant's January 6, 2025 motion in limine seeking an order to "exclude evidence derived from post-2008 assignments, unsupported claims of ownership of the mortgage or note, and other inadmissible or prejudicial materials." *Def.'s Mot. in Lim. to Exclude Constitutionally Defective Evid.* (ECF No. 105) (*Def.'s Mot. in Lim.*). The Court concludes the filing contains miscitations and misquotations that, "if the Court accepted them without checking, would be erroneous, fictitious, or misleading." *Sanction Order* at 7.

Ms. Gauthier's thirty-two-page motion in limine contains fabricated quotations and misleading citations, the most egregious of which the Court addresses in this order to strike. First, at numerous points in her motion, Ms. Gauthier purports to quote from a decision, and the quotation does not appear in the quoted case. On page

eight of her motion in limine, the Defendant claims that "[w]hen [Maine's strict foreclosure standing] requirements intersect with Article III standing principles, they create what the First Circuit terms a 'double requirement' – evidence must satisfy both constitutional and state law standards." *Def.'s Mot. in Lim.* at 8 (quoting *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016)). This purported quote ("double requirement") does not appear anywhere within *Hochendoner*. Likewise, on page ten of her motion, Ms. Gauthier, purporting to quote from the First Circuit's decision in *Fafel v. DiPaola*, 399 F.3d 403 (1st Cir. 2005), submits: "Any attempt to cure these [standing] defects retroactively violates the Defendant's due process rights and the principle that jurisdiction must be established 'at the outset of the case.'" *Def.'s Mot. in Lim.* at 10 (quoting *Fafel*, 399 F.3d at 410). While the proposition that jurisdiction must generally be established "at the outset of the case" is not incorrect as a matter of law, the quoted language does not appear within the First Circuit's decision.

Further, the Defendant quotes Federal Rule of Evidence 401 and claims the quoted language appears in *United States v. Union Bank for Savings and Investment (Jordan)*, 487 F.3d 8 (1st Cir. 2007). *Def.'s Mot. in Lim.* at 11 (quoting *Union Bank for Sav. & Inv.*, 487 F.3d at 18). The First Circuit does not quote Rule 401 in that case. Finally, *United States v. Savarese*, 686 F.3d 1 (1st Cir. 2012), does not include the language "continuous custody," as Ms. Gauthier alleges. *Def.'s Mot. in Lim.* at 14 (quoting *Savarese*, 686 F.3d at 12). Ms. Gauthier has no right to misquote anything

2

she files with the Court and these fabricated quotations on their own are enough to warrant an order to strike her motion in limine.

However, the citation issues with the Defendant's filing do not end there. Ms. Gauthier includes numerous miscitations in which she claims a case stands for a proposition that, even by a generous reading, is unsupported by that opinion. If the Court were to rely on Ms. Gauthier's miscitations, it would be misled on the state of the law. *See, e.g.*, *Marrama v. Citizens Bank (In re Marrama)*, 430 F.3d 474, 478 (1st Cir. 2005) (at page eight of her motion in limine, Defendant cites *In re Marrama* for the proposition that "[t]he First Circuit has established heightened scrutiny for evidence in foreclosure cases involving questionable standing"; however, the page to which Ms. Gauthier directs the Court discusses statutory interpretation of the bankruptcy code, and in actuality says "[t]he fact that subsection 706(a) [of the Bankruptcy Code] contains no such imperative language strongly suggests that it confers a more restricted right upon the debtor, and that the bankruptcy court presumptively retains its discretionary prerogative to deny conversion in some circumstances"); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (on pages eight and nine of her motion, the Defendant cites *Spokeo* in support of her claim that "[e]vidence from entities lacking beneficial ownership rights fails to satisfy the foundational Article III 'case or controversy' requirement," but nowhere in *Spokeo* does the Supreme Court discuss evidence from entities lacking beneficial ownership rights); *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (Defendant cites *ConnectU LLC* on page nine of her motion to argue "standing defects at filing cannot

3

be cured through subsequent assignments or substitutions," but the First Circuit does not make this statement in the portion of *ConnectU LLC* she cites); *United States v. Cianci*, 378 F.3d 71, 105 (1st Cir. 2004) (Defendant cites *Cianci* on page ten of her motion in support of her assertion that "[u]nder Federal Rule of Evidence 104(a) . . . . courts are obligated to exclude evidence that fails foundational requirements before it reaches the trier of fact," but *Cianci* does not address Rule 104(a) at all, and the page of *Cianci* to which Ms. Gauthier directs the Court in fact discusses Rule 403); *United States v. Vazquez-Botet*, 532 F.3d 37, 55 (1st Cir. 2008) (*Vazquez-Botet* does not, as Ms. Gauthier claims on page twelve of her motion, discuss Federal Rule of Evidence 602); *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 290-92 (1st Cir. 2013) (Defendant on page thirteen of her motion in limine cites *Culhane* for the proposition that "the First Circuit rejected MERS's attempt to assert authority to foreclose based on lay testimony that lacked legal or factual grounding in the terms of the mortgage"; however, the *Culhane* Court does not discuss witness testimony, let alone that of lay witnesses); *Savarese*, 686 F.3d at 12 (later in her motion in limine, Ms. Gauthier again cites *Savarese*, this time for the claim that "incomplete or irregular records do not satisfy the business records exception when they fail to connect the purported holder of the note to the original transaction or subsequent assignments"; however, the First Circuit does not make this statement in the portion of *Savarese* she cites); *United States v. Luna*, 649 F.3d 91, 103 (1st Cir. 2011). (Defendant cites *Luna* on page sixteen of her motion for the proposition that "authentication [of evidence] requires a clear, continuous chain of custody for items

4

subject to tampering or modification," but the First Circuit does not make this statement in the portion of *Luna* Ms. Gauthier cites); *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (1st Cir. 1995) (Defendant cites *Federal Recovery Services, Inc.* in favor of her oft-raised argument that, "[a]s Plaintiff's chain of title depends on a void 2008 assignment, any evidence referencing this purported transfer or subsequent substitutions must be excluded under the First Circuit's strict authentication and standing requirements"; however, this portion of *Federal Recovery Services* in fact holds that a plaintiff may not cure a jurisdictional defect by substituting a different plaintiff, an issue not before the Court in this case, and a different issue entirely from the chain of title of a mortgage or promissory note).

Staggeringly, these are only some of the most glaring errors identified in Ms. Gauthier's motion in limine. This is not the Court's first order to strike Ms. Gauthier's filings for miscitation and misquotation errors. *See Order to Strike Def.'s Reply* (ECF No. 99). The Court, in its order imposing a sanction and a second *Cok* warning, notified Ms. Gauthier that more sanctions may be warranted if she proceeds to include misleading citations and fictitious quotations in her submissions to this Court. *Order Imposing Sanction and Second* Cok *Warning* at 8 (ECF No. 95). The Court repeated the same warning in its December 11, 2024 order to strike Ms. Gauthier's reply. *Order to Strike Def.'s Reply* at 5. The Court once again reminds Ms. Gauthier that a *Cok* filing restriction and/or other sanctions may still be in the offing if her future filings are not scrupulously accurate. *See Cok v. Family Court*, 985 F.2d 32, 35 (1st Cir. 1993).

With trial approaching, the Court puts Ms. Gauthier on notice that it expects all her filings to be according to Hoyle going forward.  The Defendant has promised the Court, now multiple times, that she will comply with the Court's orders and diligently check her citations for accuracy.  *See, e.g.*, *Def.'s Resp. to Order to Show Cause* (ECF No. 88).  Once again, the Defendant has violated her own representations to the Court, and the Court is nearing the end of its patience.

The Court STRIKES the Defendant's Motion in Limine to Exclude Constitutionally Defective Evidence (ECF No. 105).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2025