UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UMB BANK NATIONAL ASSOCIATION, *Not in Its Individual Capacity, but Solely as Legal Title Trustee for* LVS TITLE TRUST XIII,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARGARET L. GAUTHIER,<br><br>　　　　　Defendant. | 2:23-cv-00380-JAW |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO REMOVE RECEIVER, STRIKE DAMAGES HEARING, AND CORRECT RECORD**

On February 3, 2025, Margaret L. Gauthier sought permission from the Court to file a motion to remove Benjamin P. Campo, Jr. as receiver for the real property located at 14-16 Melvin Avenue, Old Orchard Beach, Maine, strike the "damages hearing" scheduled for February 25, 2025, and correct alleged mischaracterizations in the Plaintiff's recent filings. *Def.'s Mot. for Leave to File Mot. to Remove Receiver and Strike Damages Hr'g*; *id.*, Attach. 1, *Def.'s Mot. to Remove Receiver, Strike Damages Hr'g and Correct Record* (*Def.'s Mot.*). The Defendant's motion for permission to file this motion complies with the Court's recent imposition of a *Cok*[1] filing restriction in this extensively litigated dispute seeking judgment of foreclosure and sale. *Order to Strike Def.'s Emergency Mot. for Stay Pending Appeal and*

---

[1] *Cok v. Family Ct.*, 985 F.2d 32 (1st Cir. 1993).

*Imposition of a* "Cok" *Order* (ECF No. 113) (*Cok Order*). Issued on January 16, 2025 after numerous warnings, the *Cok* order requires Ms. Gauthier to seek permission to make a filing on the docket in this case, and only if the Court determines the filing does not contain any misrepresentations of fact or miscitations of law will the Court allow the filing to be docketed. *Id.* at 6.

The Court reviewed Ms. Gauthier's motion and determined it contains serious miscitations of law, and, as such, the Court will not allow it to be entered on the docket. *See Riley v. Decoulos (In re Am. Bridge Products)*, 599 F.3d 1 (1st Cir. 2010) (although not incorrect as a general statement of law, it is misleading to assert, as Ms. Gauthier does on page five of her motion, that the First Circuit "has recognized that a receiver is a fiduciary who must act in the best interests of the receivership estate and all stakeholders"; the First Circuit does not use this language or assert these principles in that opinion); *Mathews v. Eldrige*, 424 U.S. 319, 333 (1976) (the Supreme Court's foundational case did not include the language, as Ms. Gauthier claims on page eight of her motion, that the opportunity to be heard "at a meaningful time and in a meaningful manner requires: (a) adequate notice of the issues to be decided; (b) meaningful opportunity to present objections; (c) a reasonable time to prepare and respond; and (d) clear notice of what is to be decided at the hearing"); *Riley*, 599 F.3d 1 (the First Circuit did not find a "receiver's failure 'to adhere to orders,' 'prevent asset conversion,' and 'seek appropriate court orders' justified immediate judicial intervention to protect the estate"; none of these purported quotes appear within that opinion).

2

Although these misleading citations and the fabricated quotation mean that Ms. Gauthier's motion will not be entered on the docket, the Court takes an additional moment to address the correct status of the case following the pre-trial conference. Ms. Gauthier's motion expresses concern that her procedural due process rights are being violated by virtue of an email she received from Plaintiff's counsel on January 15, 2025 informing her of a "damages hearing" on February 25, 2025 at 10:00 a.m. before this Court. *Def.'s Mot.* at 6 (citing *id.*, Attach. 7, *Ex. F*). Ms. Gauthier says that "[t]he sudden letter (**Exhibit F**) which Defendant received from Plaintiff's counsel of a 'damages hearing,' without any explanation or opportunity to respond, violates this fundamental principle of due process, which requires 'notice of the case against [the party] and opportunity to meet it.'" *Id.* (quoting *Mathews*, 424 U.S. at 348-49) (Defendant's emphasis). She argues that Plaintiff is "attempt[ing] to transform the Court's ordered trial into a damages hearing, without proper procedure or authority." *Id.*

Defendant's Exhibit F is an email from Plaintiff's counsel to Ms. Gauthier, which attaches the docket entry from this case titled "NOTICE of Hearing: Bench Trial set for 2/25/2025 10:00 AM in Portland Courtroom 3 before JUDGE JOHN A. WOODCOCK JR. (jam)." *Ex. F* at 3 (appending *Notice* (ECF No. 111)) (emphasis in original). The body of this email states, in its entirety:

> Dear Margaret L. Gauthier
>
> Please see attached Notice of Damages Hearing set for February 25, 2025, at 10:00 AM, at the United States District Court, District of Maine – Portland, located at Edward T. Gignoux U.S. Courthouse, 156 Federal

3

St., Portland, ME 04101.  If you have any questions, please call (978) 921-2670 ext. 132[.]

Thank you.

*Id.* at 2.

Ms. Gauthier is correct that this notice from Attorney Longoria's office is in error.  As discussed at the pre-trial conference, the Court scheduled a bench trial on February 25, 2025 at 10:00 a.m. to address issues of liability and, if necessary, damages; it is not merely a damages hearing.  At the trial, UMB Bank, National Association, not in its individual capacity, but solely as Legal Title Trustee for LVS Title Trust XIII (UMB Bank) will be required to demonstrate its entitlement to foreclosure and, only if it is successful in doing so, will the Court address the issue of damages.

UMB Bank's reference to a "damages hearing" is typical of a situation where a default has entered against the mortgagor, which is not the case here.  Attorney Longoria should have been much more careful in issuing this notice of hearing to Ms. Gauthier, especially since Attorney Longoria knows Ms. Gauthier has been extraordinarily vigilant in her defense of this case.  But the fact that UMB Bank gave Ms. Gauthier notice of only a damages hearing does not change the fact that the Court, not Attorney Longoria, has set the matter for trial on February 25, 2025.

To be crystal clear, the bench trial scheduled for February 25, 2025 is a hearing on the merits, as Ms. Gauthier is not a defaulted party, and UMB Bank will be required to produce evidence sufficient to establish its entitlement to a judgment of

4

foreclosure and sale at trial. The contours of the bench trial discussed at the final pre-trial conference have in no way changed.

In addition, to the extent Ms. Gauthier's motion discusses issues with Mr. Campo's performance as receiver, the Defendant may raise these contentions at the February 25, 2025 trial. While the Defendant's miscitation issues means her motion will not be docketed, the Court has not forbidden Ms. Gauthier from challenging the receivership order at trial, if she wishes to do so.

In accordance with the *Cok* order in this case, the Court ORDERS the Defendant's Motion for Leave to File Motion to Remove Receiver and Strike Damages Hearing shall not appear on the docket. This case will proceed to bench trial on February 25, 2025 as scheduled.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2025